IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY JOE DUFFIE, #42520-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:16-CV-1531-M-BK |
| | § | (3:10-CR-265-M-2) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, Petitioner's motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Because this is a successive section 2255 motion, it is recommended that it be transferred to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

Petitioner pled guilty to Possession with Intent to Distribute a Controlled Substance and was sentenced to 150 months' imprisonment and a five-year term of supervised release. Crim. Doc. 68. His direct appeal was dismissed upon the appellate court's concurrence with his attorney's representation pursuant to *Anders v. California* that there were no non-frivolous issues for review. *United States v. Duffie,* 514 Fed.Appx. 481, 2013 WL 657668 (5th Cir. Feb. 22, 2013). In 2014, he unsuccessfully moved to vacate his conviction under 28 U.S.C. § 2255. *Duffie v. United States*, No. 3:14-CV-01176-M-BK, 2014 WL 2757539 (N. D. Tex. Jun. 17, 2014) (summarily dismissing section 2255 motion), *certificate of appealability denied*, No. 14-10758 (5th Cir. 2015). He also filed various motions to reduce his sentence under the 2014 Drug Guideline Amendments and for reconsideration, but he was not eligible for a reduction because his sentence was increased under the career offender provisions of U.S.S.G. § 4B1.1. *See* Crim.

Doc. 89, 94, 104, 106, and 108.

In the case *sub judice*, Petitioner, proceeding *pro se*, challenges the enhancement of his sentence under the career offender provisions as unconstitutional in light of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), violates the Constitution's guarantee of due process. Doc. 2 at 1. *Johnson* was recently found retroactively applicable to cases on collateral review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). However, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such

an application.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, even assuming Petitioner's claim has merit, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

The Clerk of the Court is **directed** to transmit a copy of this recommendation to the Federal Public Defender's Office. [1]

**SIGNED** June 16, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Contemporaneously with the filing of this *pro se* section 2255 motion, the Court appointed the Federal Public Defender's (FPD's) office in Petitioner's criminal case to investigate for possible relief under *Johnson*.  Crim. Doc. 113.  The transfer of this case to the Fifth Circuit Court of Appeals does not adversely affect the appointment since the FPD can move to represent Petitioner in the Court of Appeals.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE